**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| WILSON ANTONIO MARTINEZ PINA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02928-SHL-cgc |

## ORDER GRANTING PETITION

Before the Court is Petitioner Martinez Pina's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed July 27, 2026. (ECF No. 1.) Petitioner is a citizen of Venezuela who challenges his continued immigration-related detention in the West Tennessee Detention Facility as violative of his Fifth Amendment due process rights. (Id. at PageID 1; 6.) Respondent responded in opposition on August 3, 2026. (ECF No. 7.) Petitioner replied on August 5, 2026. (ECF No. 8.)

Respondent first contends that, Mr. Martinez Pina's "detention is governed by 8 U.S.C. § 1225 because Petitioner is an arriving alien who actively sought admission in the United States," and is thus subject to mandatory detention. (ECF No. 7 at PageID 33.) Petitioner disagrees and asserts that his detention is governed by 8 U.S.C. § 1226, particularly because he has remained at liberty in the interior United States for more than three years and is not presently subject to expedited removal. (ECF No. 8 at PageID 49; 52.) Respondent also contends that Petitioner has failed to exhaust administrative remedies, so the Court should deny his petition. (ECF No. 7 at PageID 32.)

As discussed below, because (1) there is no indication that Petitioner is presently in expedited-removal proceedings, and thus his immigration detention is governed by 8 U.S.C. § 1226 and the Sixth Circuit's holding in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), and (2) Petitioner is excused for his failure to exhaust administrative remedies, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a citizen of Venezuela who "entered [the United States] through the Calexico Port of Entry using a CBP One appointment and was charged as an arriving alien," in June 2023. (ECF No. 8 at PageID 52.) Upon his entry, he was served with a Notice to Appear, ordering him to appear at an out-of-custody court date of November 29, 2023, placing him in full removal proceedings. (ECF 7-2 at PageID 40; ECF No. 7 at PageID 33.) Petitioner was then paroled into the interior of the United States . (ECF No. 8 at PageID 50.) Petitioner's removal case has been pending for more than three years. (ECF No. 1 at PageID 2; 7.)

In July 2026, ICE arrested Petitioner at the Rutherford County Sheriff's Office, having been arrested by local police. (ECF No. 7-1 at PageID 45.) Respondent subsequently transferred him to the West Tennessee Detention Facility, where he has since remained in custody.

Mr. Martinez Pina filed the instant Petition on July 27, 2026. (ECF No. 1.) He challenges his mandatory detention without bond at the West Tennessee Detention Facility under 8 U.S.C. § 1225 as violative of the Immigration and Nationality Act and the Fifth Amendment and seeks immediate release. (Id. at PageID 2–6.) The Parties' arguments are considered in more detail below.

## ANALYSIS

Petitioner challenges his mandatory detention at the West Tennessee Detention Facility

and seeks immediate release from Respondent's custody, or an individualized bond hearing. (ECF No. 8 at PageID 53.) He argues that Respondent unlawfully purports to detain him under 8 U.S.C. § 1225, and that he has been denied a bond hearing in violation of his due process right to such a hearing under 8 U.S.C. § 1226. (ECF No. 1 at PageID 1.)

First, Respondent seeks to distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (ECF No. 7.) According to Respondent, Lopez-Campos "does not control the outcome in this matter" because Petitioner is subject to 8 U.S.C § 1225(b)(2)(A)'s mandatory detention scheme as an "arriving alien," not § 1226(a) as a noncitizen. (Id. at PageID 37.) Respondent argues that Petitioner's case is different from the Lopez-Campos' petitioners, who "spent 'significant time…within the interior of the United States,' 'resided within the United States for years,' and most importantly, were determined to not be seeking admission or lawful entry into the United States." (Id. at PageID 38.) Respondent argues that, here, Petitioner "applied for entry" in June 2023, "lacked proper documentation" at that time, and "is an arriving alien," "therefore fall[ing] outside of the scope of" Lopez-Campos. (Id.)

However, none of Respondent's arguments change the fact that Petitioner was released and paroled into, and has remained an interior resident of, the United States since the summer of 2023. Whether Mr. Martinez Pina's parole was terminated because of his Rutherford County arrest does not change this analysis. See Lopez-Campos, 175 F.4th at 723. The question turns on whether he was *presently* "seeking admission." See id. at 722–23. Respondent contends that because Petitioner "made application for admission," he "was thus actively seeking admission." (ECF No. 7 at PageID 38.) As Petitioner argues, Respondent asks the Court to indefinitely freeze his legal status in the summer of 2023 and ignore the last three years. (ECF No. 8 at PageID 52.) Lopez-Campos explicitly rejected bond eligibility turning on withdrawal of a

petitioner's application for admission because that would "create[] more problems than it [would] solve[]," and "'lead to absurd or futile results.'" Lopez-Campos, 175 F.4th at 723 (quoting Nixon v. Mo. Mun. League, 541 U.S. 125, 138 (2004)).

Like the petitioners in Lopez-Campos, Petitioner was detained indefinitely under 8 U.S.C. § 1225(b) without the possibility of a bond hearing, despite having lived for a "significant time . . . within the interior of the United States." Lopez-Campos, 175 F.4th at 734. The record is devoid of evidence that Petitioner was actively seeking admission into the country at the time of his 2026 arrest in Tennessee. As a result, 8 U.S.C. § 1226(a) applies to Petitioner's detention, and the discretionary bond provisions of that statute govern.

Second, Respondent argues, in the alternative, that the Court should deny the Petition because Mr. Martinez Pina "failed to exhaust his administrative remedies." (ECF No. 7 at PageID 32.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Given that § 1226(a) applies, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without providing a bond hearing in accordance with § 1226(a) violated that liberty interest.

Thus, he is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a)."). Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Mr. Martinez Pina immediately. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) or § 1225(b)(1)(A)(ii). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 1st day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE